IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2155-D

| | | |
|---|---|---|
| MICHAEL RAYVON FOWLKES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MR. JONES, Supt., | ) | |
| Johnston Correctional Inst., | ) | |
| | ) | |
| Respondent. | ) | |

On December 8, 2009, Michael Rayvon Fowlkes ("petitioner" or "Fowlkes"), a state inmate, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. On July 7, 2010, Superintendent Jones ("respondent") filed a motion to dismiss the petition for failure to exhaust administrative remedies [D.E. 4], and the court notified Fowlkes of his right to respond [D.E. 6]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ( per curiam). On July 13, 2010, Fowlkes responded, conceding that he has failed to exhaust administrative remedies [D.E. 7].

In support of the motion to dismiss, respondent notes that Fowlkes' motion for appropriate relief ("MAR") remains pending in Cumberland County Superior Court. Mem. Supp. Mot. Dismiss 1. Absent a valid excuse, a state prisoner must exhaust all available remedies in state court before seeking federal habeas-corpus relief. See 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, an inmate must fairly present his claims to the state court. See, e.g., Picard v. Connor, 404 U.S. 270, 275 (1971); Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). A claim is "fairly presented" if the petitioner presents to the state court the "substance of his federal habeas corpus claim," including "both the operative facts and the controlling legal principles." Matthews v. Evatt,

105 F.3d 907, 911 (4th Cir. 1997) (quotations omitted). This exhaustion requirement compels a habeas petitioner to "invok[e] one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In North Carolina, a petitioner may satisfy section 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by filing a state post-conviction proceeding (such as a MAR) and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. § 7A-28(a) ("Decisions of the [North Carolina] Court of Appeals upon review of motions for appropriate relief . . . are final and not subject to further review in the [North Carolina] Supreme Court by appeal, motion, certification, writ, or otherwise."); id. § 7A-31; id. § 15A-1422.

The court finds that dismissal without prejudice is appropriate. Fowlkes may re-file his section 2254 petition if he so desires once the North Carolina Court of Appeals has concluded its review. The court cautions Fowlkes to be mindful of the Antiterrorism and Effective Death Penalty Act's one-year limitation period. See 28 U.S.C. § 2244(d)(1)–(2); Taylor v. Lee, 186 F.3d 557, 560 & n.2 (4th Cir. 1999).

In sum, respondent's motion to dismiss [D.E. 4] is GRANTED. Petitioner's application for habeas-corpus relief is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This __1__ day of October 2010.

JAMES C. DEVER III
United States District Judge